UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOWARD PERRY,

                              Plaintiff,

      -against-                                        9:10-CV-1033 (LEK/TWD)

CARL HUNT,

                              Defendant.

**DECISION and ORDER**

**I.    INTRODUCTION**

       This matter comes before the Court following a Report-Recommendation filed on August 31, 2012 by the Honorable Thérèse W. Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York. Dkt. No. 24 ("Report-Rec."). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Defendant Carl Hunt ("Defendant"), which were filed on September 14, 2012. Dkt. No. 25 ("Objections").

**II.    BACKGROUND**

       On August 26, 2010, Plaintiff commenced this action *pro se* and *in forma pauperis*, seeking relief under 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff claims that he was denied medical care at Ogdensburg Correctional Facility for painful abdominal injuries and was instead wrongfully transferred to a different facility for psychiatric evaluation. The Court assumes the parties' familiarity with the facts underlying Plaintiff's claim and recounts the facts here only to the extent necessary to decide the Motion presently before the Court.

       In her Report-Recommendation, Judge Dancks denied Plaintiff's Motion to amend the

Complaint; granted Plaintiff's Motion to compel discovery; and recommended that the Court deny Defendant's Motion for summary judgment. Dkt. Nos. 22 ("Motion to Amend"), 21 ("Motion to Compel"), 17 ("Summary Judgment Motion"). While Judge Dancks observed that "failure to allege facts plausibly suggesting that a defendant was personally involved [as in this case] will generally subject a complaint to dismissal," she concluded that "this case falls within an exception to the general rule." Report-Rec. at 14. Defendant contends that this legal exception should not preclude the dismissal of Plaintiff's case at this stage and objects to the recommendation that his Motion be denied. See generally Obj. For the following reasons, the Court adopts the Report-Recommendation in its entirety and denies Defendant's Motion without prejudice to renew.

## III.  STANDARD OF REVIEW

"A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).

## IV.  DISCUSSION

### A. The Report-Recommendation

In the Report-Recommendation, Judge Dancks concluded that it would not be proper to

grant summary judgment at this time. See Report-Rec. at 14. While Plaintiff has failed to claim that Defendant was personally involved in his alleged constitutional deprivation, when a prisoner plaintiff does not know the identities of any of the individuals who allegedly violated his constitutional rights, it is appropriate to maintain "supervisory personnel as defendants . . . until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998). "After an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." Id. at 921-22 (citations omitted). See also Murphy v. Goord, 445 F. Supp. 2d 261 (W.D.N.Y. 2006) (denying superintendent's motion for judgment on the pleadings on personal involvement grounds and allowing plaintiff to proceed with discovery to identify the Doe defendants). Based on this analysis, Judge Dancks recommended that the Court deny Defendant's Motion for summary judgment with leave to re-file after he complied with the Motion to compel.

    **B. Objections**

In his Objections, however, Defendant argues that "the Report-Recommendation is in error in that it fails to address the inability of Plaintiff to establish that any alleged injuries he suffered or continues to suffer were proximately caused by the alleged indifference of Ogdensburg CF's medical staff to plaintiff's medical needs." Obj. at 1.[1] Defendant argues that "[e]ven if Plaintiff learns the identities of the medical providers who allegedly misdiagnosed his ailments as

---

[1] In referring to Defendant's Objections, the Court uses the numbers found on the bottom of each page and not those electronically inserted at the top of each page.

psychosomatic, amendment of his Complaint will prove non-productive, and will only result in the further unnecessary expenditure of the resources of both the Court and Defendant's counsel." Id.

Defendant correctly states that in order to prove deliberate indifference to a serious medical need, a plaintiff must "establish both that the defendants' actions were generally capable of causing the type of harm suffered by the plaintiff and that in this specific instance they did in fact cause the injuries." Id. at 2 (citing Amorgianos v. National Railroad Passenger Corp., 303 F. 3d 256, 268 (2d Cir. 2002). Where "the nexus between the injury and the alleged cause would not be obvious to the finder of fact," a party must produce expert testimony to establish the connection between the defendant's action or inaction and the harm suffered by. Wills v. Amerada Hess Corp., 379 F. 3d 32, 46 (2d Cir. 2004).

### C. Decision to Adopt the Report-Recommendation

The Court notes Defendant's legal arguments; however, upon a *de novo* review of the record and of the Motions before the Court and before Judge Dancks, the Court concludes that it would not be appropriate to grant Defendant's Motion at this point.[2] In this case, Plaintiff has requested – and Judge Dancks has ordered Defendant to produce – information including names and contact information for correctional facility nursing staff. See generally Mot. to Compel; Report-Rec at 11-12. The Court concludes that the prescribed discovery has a potentially strong bearing on the arguments advanced in Defendant's Motion and particularly those emphasized in Defendant's Objections.

First, the Court is not convinced that the nexus between injury to Plaintiff in this case and

---

[2] By granting Defendant leave to re-file, the Court takes no position on whether such a motion brought in a timely fashion following the performance of discovery obligations under the Motion to compel would be successful.

the alleged inaction or action of Defendant were such that expert testimony would be required in order for Plaintiff to possess a legally sufficient claim.  Defendant's briefing appears to assume, *a priori*, that this case falls in the category governed by Amorgianos and Wills such that expert testimony would be required."  The Court is not convinced that this is the case and concludes that whether it is and whether expert testimony is lacking cannot be determined until Defendant performs his discovery obligations.

Second, as laid out in the Motion to compel and in the Order portion of Judge Dancks's Report-Recommendation, Plaintiff is seeking (and Defendant is obligated to provide) information on the hospital nursing staff.  It seems as though information about individuals with knowledge of the situation and medical training would be of great importance to the debate over the sufficiency of Plaintiff's claims and to the arguments raised by Defendant in his Objections.  It appears, however, that Defendant is arguing to the Court that Plaintiff's serious claims of constitutional violations should be dismissed and Defendant should not be forced to perform his additional discovery obligations because Defendant does not believe that Plaintiff will be able to produce sufficient information and sufficient testimony during discovery.[3]  This is simply not how the discovery

---

[3] In large part, Defendant's argument appears to rest on the spurious reasoning that because Defendant can produce other hypothetical explanations for the proximate cause of Plaintiff's injury, Plaintiff would clearly be unable to prove that Defendant's action or inaction was a proximate cause of Plaintiff's injury. Obj. at 4 ("the allegedly deficient care provided by Dr. Housan, the infection of his mesh implant, or any of the subsequent surgerie [sic] could have been superseding and intervening causes of the injury which Plaintiff now alleges. Given Plaintiff's pre-existing injuries and subsequent medical history, it is implausible that he can establish the requisite nexus between the action or inaction of the Ogdensburg CF medical staff and the harm injury he allegedly sustained, even with the assistance of a medical expert") (footnote omitted).  The existence of alternate explanations for the Plaintiff's injury may well be raised at trial or at another stage in the litigation; however, the ability to recite alternate factual hypotheticals does not entitle Defendant to a judgment as a matter of law at this point.

process works.

As one of the framers of the Federal Rules stated, in discovery, "[e]ach party may in effect be called upon by his adversary or by the judge to lay all his cards upon the table, the important consideration being who has the stronger hand, not who can play the cleverer game."[4] While the law certainly makes no assumptions that defendants bluff, Defendant here has been ordered by Judge Dancks to lay his cards down. Defendant may have the winning hand, but he may not take the pot by simply reassuring the Court that he has an ace in the hole.

Legal issues may persist following discovery, and they may entitle Defendant to summary judgment at that point if he chooses to re-file his Motion. At this point, however, Defendant's Motion is denied.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 24) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion for summary judgment (Dkt. No. 17) is **DENIED without prejudice to renew** after Defendant complies with the Judge Dancks's discovery Order (Dkt. No. 24); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

---

[4] Edson R. Sunderland, *Discovery Before Trial Under the New Federal Rules*, 15 TENN. L. REV. 737, 739 (1939); see also William V. Dorsaneo III & Elizabeth G. Thornburg, *Time Present, Time Past, Time Future: Understanding the Scope of Discovery in Texas Courts*, 29 HOUS. L. REV. 245, 26-62 (1992) ("Unless the discovery process operates to equalize access to information, the result of any adversary trial process will be twisted by the lack of full information").

**IT IS SO ORDERED**.

DATED: September 18, 2012
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge