UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOWARD PERRY,

                        Plaintiff,

    -against-                                      9:10-cv-1033 (LEK/TWD)

OGDENSBURG CORRECTIONAL
FACILITY, *et al.*,

                        Defendants.

## ORDER

This matter comes before the Court following a Report-Recommendation filed on April 19, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 85 ("Report-Recommendation"). Plaintiff timely filed Objections on May 5, 2016. Dkt. No. 86 ("Objections").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Judge Dancks determined that although Plaintiff failed to respond to the statement of material facts filed by Defendants as required under Local Rule 7.1(a)(3), the Court would invoke its discretion to review the entire record when evaluating the parties' respective Motions for summary judgment. Rep.-Rec. at 7. The Court found that since Plaintiff's Amended Complaint was verified, the Court could treat it as an affidavit in opposition to Defendant's Motion for summary judgment. Id. at 7-8. Additionally, even though Plaintiff's Cross-Motion for summary judgment and Opposition to Defendant's Motion were unsworn and therefore typically inadmissible, in deference to Plaintiff's *pro se* status, the Court would consider these documents. Id. at 8.

Plaintiff objects to Judge Dancks' finding that Plaintiff's claims do not give rise to an Eighth Amendment violation. Objs. at 4. Judge Dancks found that Defendants appeared to have conceded that Plaintiff had a serious medical need, but that Defendants did not deny Plaintiff medical treatment and were not deliberately indifferent to Plaintiff's serious medical need. Rep.-Rec. at 16-17.

Plaintiff argues that Defendant Rupert's decision to transfer Plaintiff to Clinton Correctional Facility for a psychiatric evaluation, which caused a delay in the diagnosis and treatment of his small bowel obstruction, amounts to deliberate indifference. Objs. at 3. However, as Judge Dancks correctly stated, Plaintiff has not set forth any evidence to suggest that the minimal delay in diagnosing his small bowel obstruction was deliberate or caused a worsening of his condition. Rep.-Rec. at 18. Moreover, Defendants set forth specific evidence suggesting that the need for

Plaintiff to undergo a psychiatric evaluation was more pressing than addressing his stomach pain. Id. As Judge Dancks reasoned, a difference of opinion between a prisoner and prison officials regarding medical treatment does not constitute deliberate indifference. Id. (citing Chance v. Armstrong, 143 F.3d 698, 709 (2d Cir. 1998)). Judge Dancks relied on Plaintiff's medical records from July 9, 2008 through July 11, 2008, which showed that Plaintiff had received treatment during that period, to conclude that no reasonable jury could find that either Defendant Rupert or Coryer had been deliberately indifferent to Plaintiff's medical needs. Id. The Court agrees with Judge Dancks' recommendation and finds that Plaintiff has failed to meet his burden of showing that there is a genuine issue of material fact that would allow a reasonable jury to find that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Judge Dancks recommended that Plaintiff's Eighth Amendment supervisory claim against Defendant Sears be dismissed based on Plaintiff's failure to allege that Sears was personally involved in any of the alleged events. Id. at 20. In support of this finding, Judge Dancks relied on Plaintiff's deposition testimony, during which he stated that Sears was named as a Defendant because he was the supervisor at Ogdensburg C.F. and that he had no personal interactions with Sears. Id. at 20 (citing Dkt. No. 77-7 at 15-16). Plaintiff conceded that Defendant Sears was not personally involved in the events alleged and requested that Defendant Sears be granted summary judgment. Dkt. No. 80 at 7. The Court agrees that Defendant Sears is entitled to summary judgment on the merits of Plaintiff's Eighth Amendment claim.

Additionally, Plaintiff asks the Court to overlook his failure to comply with Local Rule 7.1(a)(3). Objs. at 4. Consistent with Judge Dancks' recommendation, the Court has invoked its discretion in light of Plaintiff's *pro se* status and has overlooked Plaintiff's failure to comply with

3

Local Rule 7.1(a)(3), instead considering the record as a whole when reviewing Defendant's Motion for summary judgment. Finally, Plaintiff requests leave of the Court to file a "response mirroring defendants memorandum of law in support of defendants motion for summary judgment." Id. While the Court is mindful of Plaintiff's *pro se* status, Plaintiff was already given the opportunity to submit a response to Defendant's Memorandum of law and did submit such a response. See Dkt. No. 81. Therefore, Plaintiff's request to submit additional briefing is denied.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 85) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 77) for summary judgment is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion (Dkt. No. 80) for summary judgment is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 32) is **DISMISSED in its entirety with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: May 24, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge